UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID THURLOW, III, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  2:16-cv-00375-DBH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO STAY**

In this action, Plaintiff David Thurlow seeks the return of seized property (U.S. currency) based on the alleged unlawful seizure of the property and the failure of Defendant to comply with the notice procedures of 18 U.S.C. § 983. (ECF No. 1.)[1]

The matter is before the Court on Defendant's motion to dismiss (ECF No. 16) and Plaintiff's motion to stay. (ECF No. 27.) Through its motion to dismiss, Defendant contends that because the property is in the custody of the State of Maine, and because Plaintiff can seek return of the property in accordance with state law, the Court should dismiss Plaintiff's complaint. In his motion to stay, Plaintiff asserts this matter should be stayed pending resolution of state forfeiture proceedings.

Following a review of the pleadings and the record, I recommend the Court deny Plaintiff's motion to stay, and grant without prejudice Defendant's motion to dismiss.

---

[1] In this recommended decision, I will refer to the docket entries in this action by (ECF No. __); I will refer to docket entries in the underlying criminal matter as (CR ECF No. __ ).

**PROCEDURAL AND FACTUAL BACKGROUND**

On April 28, 2016, Defendant prosecuted Plaintiff on an information charging four counts of distribution of fentanyl.  *United States v. Thurlow*, No. 2:16-CR-00053-DBH (CR ECF No. 4).  The information included a "forfeiture allegation" seeking, upon conviction, the forfeiture of "any and all property, constituting … proceeds" of the offense.  *Id.*  On June 1, 2016, Plaintiff entered a guilty plea to the criminal charges, and the Court accepted the plea.  (CR ECF No. 15.)

On July 5, 2016, prior to sentencing, Plaintiff filed a motion for the return of $15,335 seized during a search of his home and vehicle on February 25, 2016.  In the motion, Plaintiff alleged that because Defendant failed to provide proper notice of the seizure, the property must be returned pursuant to 18 U.S.C. § 983.  (CR ECF No. 19-2).  Upon the filing of the motion, the Court docketed this civil case.[2]

Following sentencing proceedings, the Court entered Judgment in the criminal case on September 29, 2016.  (CR ECF No. 30).  The Judgment did not include a disposition on the forfeiture count of the information.

In his motion, Plaintiff alleges that on February 25, 2016, a "taskforce" of federal and state DEA agents seized from his home and vehicle the property, and that the agents thereafter failed to provide him with notice of the seizure.  According to Plaintiff, Officer David Bruni of the Gorham Police Department and Special Agents Calloway and Hallet seized the property.  (Motion for Return at 1, ECF No. 1.)  Plaintiff attached to his motion a chain of

---

[2] Under certain circumstances, a court may docket a Rule 41(g) motion as a "civil complaint for equitable relief."  *United States v. Uribe-Londono*, 238 F. App'x 628, 630 (1st Cir. 2007) (citing *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995)).

custody report, which reflects that his property was seized and inventoried by the Maine Drug Enforcement Agency. (ECF No. 1-1, PageID # 5 – 7; see also ECF No. 1-2 (supplemental report of Officer Bruni).)

Plaintiff asserts that when the property was seized, he was not at home and he was not arrested for any offense or violation. (Motion for Return at 3.) He further asserts it "was subsequently days if in fact a week later [that he was] arrest[ed] for [a] probation violation for failing to notify of residence change." (*Id.*) Plaintiff maintains the seizure of property was not supported by probable cause. (*Id.*)

In an amendment to his pleading, Plaintiff alleged Officer Bruni and the Maine Drug Enforcement Agency agents provided Plaintiff's wife with a receipt for the seized property at their residence, but never provided a receipt to him, despite circumstances which suggested the property belonged to Plaintiff. (Motion to Amend at 3, ECF No. 15.) In addition to his notice argument, Plaintiff alleges the retention of the property constitutes a violation of due process because he has not been provided the opportunity to object to "the forfeiture." (Motion to Amend at 5.)

The Government filed its motion to dismiss on November 17, 2016. (ECF No. 16.) In support of its motion to dismiss, Defendant filed two documents, a Continuation Report of Agent Calloway, dated November 16, 2016, and the Declaration of Vicki Rashid, Forfeiture Counsel with the federal DEA. In his report, Agent Calloway asserts the property is in the custody of the Maine Department of Public Safety, and the property is "in the process of being forfeited through the Attorney General's office by the State of Maine." (ECF No. 18.) In her declaration, dated November 3, 2016, Ms. Rashid states the federal DEA took temporary

custody of the property before transferring it to the Maine DEA on the day of the seizure. (ECF No. 17, ¶ 5.)[3] Ms. Rashid further states the DEA "did not initiate any forfeiture action against the property." (*Id.*)

On February 7, 2017, Plaintiff filed a motion to stay. (ECF No. 27.) In the motion, Plaintiff reports he received a notice dated January 13, 2017, from the State of Maine, which notice informed him the property "was adjudicated as forfeitable pursuant to an agreement by the Defendant, Racquel Matthews Leavitt," and of the steps he must take if he intended to adjudicate any legal interest he might have in the property. (ECF No. 27-1.) Plaintiff requests the Court stay this matter to allow him the opportunity to exhaust the state procedure.

## DISCUSSION

### A. Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, therefore, a plaintiff must establish that the allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.*

---

[3] Attached to the declaration are federal DEA receipts dated February 25, 2016, for "undetermined amounts of US currency." (ECF No. 17-1, 17-2.) Evidently, one of the receipts was provided to "Racquel M. Thurlow," Plaintiff's spouse. (ECF No. 17-1.)

When a defendant moves to dismiss an action and supports the motion by presenting matters outside the pleadings, and the court does not exclude the same, the motion must be treated as a motion for summary judgment and all parties must receive a reasonable opportunity to present pertinent materials for the court's consideration. Fed. R. Civ. P. 12(d). This requirement, however, is "not mechanistically enforce[d]," *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000), such as where a party has received affidavits and other materials and has not challenged their accuracy or sought the opportunity to develop the record further, and "[c]onversion is improper if it would come as a surprise or be unfair to the party against whom judgment is rendered." *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (internal quotations and citation omitted). As explained below, because Defendant's motion is in essence a jurisdictional challenge, the Court can resolve the motion without converting it to a motion for summary judgment.

### B. Motion to Stay Standard

The District Court has discretion to grant a temporary stay. *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009). "Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Id.*

### C. Abstention

The *Younger* abstention doctrine, derived from the United States Supreme Court case of *Younger v. Harris,* 401 U.S. 37 (1971), requires district courts, in the absence of extraordinary circumstances, to abstain from exercising federal jurisdiction where the federal claim seeks to enjoin state criminal proceedings, the state proceedings provide an adequate

5

opportunity to advance federal defenses, and where abstention will not produce irreparable harm. *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 190 – 92 (1st Cir. 2015). The *Younger* doctrine has been applied in civil actions that involve "quasi-criminal proceedings" involving "important state interests." *Id.* at 192. In fact, courts have relied on *Younger* to dismiss, without prejudice, federal claims involving allegations of the illegal seizure of property where the plaintiff's interest can be preserved in pending state court forfeiture proceedings. *See*, *e.g.*, *Loch v. Watkins*, 337 F.3d 574, 579 (6th Cir. 2003) ("[State] forfeiture proceedings are quasi-criminal in nature and of such a character as to warrant application of the *Younger* doctrine."); *Postscript Enter., Inc. v. Peach,* 878 F.2d 1114, 1116 (8th Cir. 1989) ("The state's interest in these forfeiture proceedings is likely to be as great as its interest in its criminal law proceedings."); *Sorodsky v. U.S. Atty.*, No. 1:12-CV-04420, 2012 WL 4891697, at *5, 2012 U.S. Dist. LEXIS 151581, at *15 – 16 (E.D.N.Y. Oct. 11, 2012); *Davis v. Oklahoma*, No. 5:11-CV-1362, 2012 WL 1836274, at *7, 2012 U.S. Dist. LEXIS 70500, at *20 – 21 (W.D. Okla. Apr. 11, 2012), *report and recommendation adopted*, 2012 WL 1836270, 2012 U.S. Dist. LEXIS 70497 (W.D. Okla. May 21, 2012).

### D. Analysis

Plaintiff claims he is entitled to the return of the property because the government seized it without probable cause, never provided him with proper notice of the seizure, and never commenced a civil forfeiture proceeding.

Plaintiff's claim is based on Criminal Rule of Civil Procedure 41(g) and 18 U.S.C. § 983. Rule 41(g) provides:

> **(g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). Following the termination of criminal proceedings, "[i]t is the *government's* burden … to demonstrate that return of the property is not warranted." *Perez-Colon v. Camacho*, 206 F. App'x 1, 3 (1st Cir. 2006) (emphasis in original).[4]

Federal law, specifically the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), subjects to forfeiture "[a]ll moneys … furnished or intended to be furnished by any person in exchange for a controlled substance …, all proceeds traceable to such an exchange, and all moneys … used or intended to be used to facilitate any violation" of Subchapter I of the Drug Abuse Prevention and Control Act. 21 U.S.C. § 881(a)(6). CAFRA authorizes the government to seize all such property pursuant to 18 U.S.C. § 981(b). 21 U.S.C. § 881(b).

"Any motion for the return of property seized under [§ 981] shall be filed in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized." 18 U.S.C. § 981(b)(3). "Property taken or detained under this section … shall be deemed to be in the custody of the Attorney General," but upon forfeiture, the Attorney General is authorized to transfer the property to another agency or to a state or local law enforcement agency, among other potential transferees. *Id.* § 981(e).[5]

---

[4] A separate civil in rem forfeiture proceeding following a criminal conviction does not violate the Double Jeopardy Clause. *United States v. Ursery*, 518 U.S. 267, 270 – 71 (1996).

[5] Maine state law also provides for the seizure and forfeiture of contraband items, including "money instruments" that are "furnished or intended to be furnished by any person for a scheduled drug in violation of

7

Although Plaintiff attached to his motion for return of property documents which reflect the property was taken into the custody of the Maine Drug Enforcement Agency, Plaintiff evidently pursues his claim in federal court because he was prosecuted in federal court and because the federal civil asset forfeiture procedure includes a 60-day period in which the government is to provide notice of a seizure or to commence a forfeiture proceeding. 18 U.S.C. § 983(a)(1)(A)(i), (ii). When the government fails to comply with the notice requirement, subject to certain exceptions not at issue here, "the Government shall return the property … without prejudice to the right of the Government to commence a forfeiture proceeding at a later time." *Id.* § 983(a)(1)(F).[6]

Through the motion to dismiss, Defendant asserts the state's custody of the property is beyond dispute and thus dismissal is appropriate.[7] Plaintiff does not directly dispute the fact the property is in the state's custody, but maintains Defendant must be deemed to have constructive possession of the property.

Defendant in essence argues that because Maine Department of Public Safety has the property, the Court either lacks jurisdiction or should abstain from the exercise of

---

Title 17-A, chapter 45" of the Maine Revised Statutes, "all proceeds traceable to such an exchange," and "money … used or intended to be used to facilitate any violation of Title 17-A, chapter 45." 15 M.R.S. § 5821(6). *See also id.* § 5823 (setting forth procedure); 17-A M.R.S. § 1102(1)(I) (placing fentanyl on Schedule W); *id.* § 1103(1-A)(A) (trafficking Schedule W drug is a Class B crime).

[6] "The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess." 18 U.S.C. § 983(a)(1)(F).

[7] Defendant also argues that due to his conviction, Plaintiff should be denied equitable relief based on the doctrine of unclean hands. (Motion to Dismiss at 4.) The argument involves an affirmative defense, which is not a proper subject of a motion to dismiss. Fed. R. Civ. P. 12(b). Moreover, if Defendant's argument prevailed, a person convicted of drug trafficking could never assert a motion for the return of property and there would be no need for separate forfeiture proceedings.

8

jurisdiction.[8] In the context of a motion to dismiss for lack of jurisdiction, the Court may consider evidence introduced by a party without converting the motion to a motion for summary judgment, provided that resolution of the jurisdictional issue does not at the same time resolve the substantive claim. *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 163 (1st Cir. 2007). Whether the State of Maine's actual custody of the property prevents or should prevent this Court from exercising jurisdiction over the parties' dispute does not involve an assessment of the merits of Plaintiff's claim. The issue can thus be resolved on the pending motion to dismiss.

The parties' arguments, including Plaintiff's contention that Defendant has "constructive custody" of the property based on its use of the property to support the criminal prosecution and based on the federal DEA's lead in the criminal investigation (Pl.'s Opposition at 2 – 3), evidently derive from a Tenth Circuit opinion. In *Clymore v. United States*, the Tenth Circuit held:

> [T]here are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.

---

[8] Plaintiff cannot pursue his claim against the State of Maine in this Court because this Court lacks jurisdiction to provide Plaintiff relief in the context of a due process claim against the State of Maine. U.S. Const. Amend. XI; *Doyle v. State*, No. 2:15-CV-00078-JAW, 2015 WL 5813312, at *5 (D. Me. Oct. 5, 2015).

164 F.3d 569, 571 (10th Cir. 1999).[9] In *Clymore*, the court's analysis was based on its requirement that a party seeking equitable relief under Rule 41(g) must establish the absence of an adequate remedy at law. *Id.* The court held that where the property was already the subject of concluded state forfeiture proceedings, a district court is deprived of subject matter jurisdiction over the property (in *Clymore*, an aircraft and a truck) and a claim under Rule 41(g) should be dismissed. *Id.* [10]

Plaintiff contends in part that federal agents lacked probable cause to believe the property was evidence of or the product of illegal drug activity. Plaintiff's claim for the return of the property is logically within this Court's equitable jurisdiction under 28 U.S.C. § 1331. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). In effect, Rule 41(g) permits a person subject to a federal prosecution to seek a specific remedy – the return of seized property – through equitable proceedings against the government, rather than through the potentially more burdensome process of pursuing a claim against the individual officers who seized the property. Additionally, while Rule 41(g) authorizes an order for the return of seized property, a claim in equity based on the alleged unconstitutional deprivation of currency does not require the return of specific funds. *Perez-Colon v. Camacho*, 206 F. App'x 1, 4 (1st Cir.

---

[9] Relying on *Clymore*, Plaintiff argues dismissal based on state custody would not be appropriate because the property was used in the federal prosecution at sentencing and federal authorities oversaw the seizure as part of a federal investigation. Plaintiff, therefore, argues Defendant has constructive possession of the property.

[10] In *United States v. Copeman*, the Tenth Circuit affirmed the dismissal of a Rule 41(g) motion where the plaintiff did not allege any facts suggesting that the property, unidentified property in the state's custody subject to ongoing state forfeiture proceedings, "was ever considered potential evidence for his federal prosecution." 458 F.3d 1070, 1071 (10th Cir. 2006). In that context, the court held the plaintiff's federal claim was appropriately dismissed and that he had an adequate remedy in state forfeiture proceedings. *Id.* at 1073. Here, if the property was seized by federal officers and used by the federal prosecutor to support Plaintiff's sentence calculation, there is arguably a sufficient federal connection to support a federal claim.

2006) (a claim for the return of currency involves equitable restitution, not money damages, and specific currency need not be provided).[11] Because relief in this case conceivably could be an order to reimburse Plaintiff, resolution of the claim would not necessarily require the Court to order the State to relinquish a claim to specific property in its possession. In other words, the Court would have jurisdiction to fashion equitable relief on Plaintiff's Rule 41(g) action. Dismissal with prejudice, therefore, would not be appropriate at this stage of the proceedings.

Because the Court has subject matter jurisdiction, the question is whether the Court should stay further proceedings or abstain from exercising jurisdiction pending resolution of the state forfeiture proceedings. Under the circumstances, abstention and dismissal without prejudice would be appropriate. An order requiring the return of property under Rule 41(g) "is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006). Given the notice to Plaintiff of his ability to adjudicate his interest in the property in state court (ECF No. 27-1), Plaintiff appears to have an adequate legal remedy available. The equities thus do not favor the exercise of jurisdiction at this time. Additionally, (a) the state forfeiture proceedings can fairly be characterized as a matter quasi-criminal in nature, implicating an important state interest; (b) based on the state's notice, Plaintiff is able to litigate his interest in the property in the state court proceedings and evidently will have the opportunity to litigate all of his defenses to the seizure and proposed forfeiture; and (c)

---

[11] Other circuits disagree. *See*, *e.g.*, *Diaz v. United States*, 517 F.3d 608, 611 (2d Cir. 2008); *Bailey*, 508 F.3d at 736.

Plaintiff will not be irreparably harmed if the Court does not exercise jurisdiction at this time. The principles of the *Younger* abstention doctrine, therefore, militate in favor of abstention rather than an indefinite stay.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's Motion to Stay (ECF No. 27), grant without prejudice Defendant's Motion to Dismiss (ECF No. 16), and dismiss Plaintiff's Rule 41(g) action without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of February, 2017.